UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BUNKLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>NICHOLAS VERBER, et al.,<br><br>        Defendants. | Case No. 17-cv-05797-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

## INTRODUCTION

Plaintiff Jeffrey Bunkley was arrested pursuant to a valid arrest warrant for "Jeffrey Binkley" and booked by County of San Mateo deputies Nicholas Verber and Randolph Cousenes (together, the "County Deputies"). He brings suit against the County Deputies and the County of San Mateo alleging violations of his Fourth Amendment right to be free from unlawful arrest and detention and his Fifth Amendment right to due process of law under 42 U.S.C. § 1983, as well as several state law claims, including negligence, negligent training and supervision, assault and battery, negligent infliction of emotional distress, and violation of California Civil Code § 52.1. Because the County Deputies had probable cause to believe that Bunkley was the person described in the arrest warrant, none of his causes of action states a claim for relief and the Complaint is DISMISSED with leave to amend.

## BACKGROUND

Plaintiff Jeffrey Bunkley was at home on September 8, 2016, when the County Deputies knocked on his door and informed plaintiff that they intended to arrest him on an outstanding arrest warrant for Jeffrey Binkley. *See* Complaint ("Compl.") ¶ 9 [Dkt. No. 1]. The arrest warrant stated that Jeffrey Binkley was also known as "Jeffrey Michael Bunkley." *See* Defs.' Request for Judicial Notice ("RJN") [Dkt. No. 17], Ex. B. Plaintiff denied that he was Jeffrey Binkley. *See*

1  Compl. ¶ 9. He also denied that he had ever lived in Gilroy or worked in Redwood City, pursuant
2  to the County Deputies' questions. *Id.* The County Deputies nonetheless placed plaintiff under
3  arrest and transported him to the Maguire Correction Facility in Redwood City, California, where
4  he was booked. *Id.*

## LEGAL STANDARD

Under Federal Rule of Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I.     Defendants' Request for Judicial Notice**

Defendants request judicial notice of two documents, the misdemeanor complaint in *People v. Jeffrey Binkley*, as well as the February 18, 2014, arrest warrant for Jeffrey Binkley. "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A district court may nonetheless consider certain materials—"documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice"—at the pleadings stage. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Defendants contend that these documents are matters of judicial notice because they are matters of public record. *See Lee*, 250 F.3d at 689; *see also Neylon v. Cty. of Inyo*, No. 1:16-cv-0712, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) ("Courts may properly take judicial notice of a bench warrant as a matter of public record."); *Ferguson v. United States*, No. 15cv1253, 2016 WL 4793180, at *3 (S.D. Cal. Sept. 14, 2016) (taking judicial notice of arrest warrant because it was a "matter[] of public record, and the parties d[id] not dispute [its] authenticity"). Bunkley does not dispute these documents' authenticity, but argues that I may only take judicial notice of the fact that these two documents were filed, not their contents.

While I may take judicial notice of matters of public record, I may not take judicial notice of any fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b). Thus, in *Lee*, the Ninth Circuit held that the district court had erred in judicially noticing not just "the *fact* of the extradition hearing" or "the *fact* that a Waiver of Extradition was signed by [a person]," but also "the validity of [the person's] Waiver of Extradition in dismissing plaintiffs' § 1983 claims at the pleading stage." *Lee*, 250 F.3d at 689–90 (emphasis in original). In so doing, the district court had impermissibly accepted the validity of the person's waiver, which was in direct dispute due to his mental incapacity. *Id.* at 690.

Here, Bunkley argues that I may not consider the contents of the documents because he disputes "that Jeffrey Binkley had an 'AKA' of Jeffrey Michael Bunkley." Opp. at 6. But Defendants do not argue that any "Jeffrey Binkley" was also known as "Jeffrey Michael

3

Bunkley," or vice versa. Instead, Defendants request judicial notice of these documents only for the fact that the phrase appears on them, not for the truth of that phrase. Because plaintiff does not dispute the existence or authenticity of the warrant itself,[1] nor the fact that this phrase appears on the warrant's face, this is not a fact subject to reasonable dispute, and I may take judicial notice of the arrest warrant and that it was issued for "Jeffrey Binkley," "also known as: Jeffrey Michael Bunkley." *See* RJN, Ex. B. On the other hand, I decline to take judicial notice of the misdemeanor complaint at this time, as it does not provide any relevant information beyond that contained in the arrest warrant. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990) (declining to take judicial notice of another action "not relevant" to the case); *Neylon*, 2016 WL 4793180, at *4 ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied.").

## II. Motion to Dismiss

### A. Whether the County Deputies Are Entitled to Qualified Immunity from Bunkley's Section 1983 Claim

The County Deputies claim that they are entitled to qualified immunity from Bunkley's Section 1983 claims. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted). The County Deputies argue that plaintiff fails to allege facts showing the violation of a constitutional right. Bunkley contends that his Fourth Amendment right against unlawful arrest was violated when the County Deputies entered his home and arrested him on an outstanding warrant for someone with a different name, despite his protestations of innocence.

Bunkley alleges in his Complaint that:
Plaintiff answered the door and was informed by Defendants VERBER and COUSENES that they intended to arrest Plaintiff on an outstanding arrest warrant for Jeffrey Binkley.

---

[1] Indeed, Bunkley incorporates the arrest warrant by reference in his Complaint. *See* Compl. ¶ 9 ("Plaintiff answered the door and was informed by Defendants VERBER and COUSENES that they intended to arrest Plaintiff on an outstanding arrest warrant for Jeffrey Binkley.").

4

> Plaintiff denied that he was Jeffrey Binkley. The Defendants asked Plaintiff whether he had ever lived in Gilroy or worked in Redwood City. Plaintiff told them he had not. Despite his denials and without probable cause to believe that Plaintiff was Jeffrey Binkley, the Defendants handcuffed Plaintiff, placed him under arrest on the outstanding warrant for Jeffrey Binkley, and transported him to the Maguire Correctional Facility in Redwood City, California, where he was booked on that warrant.

Compl. ¶ 9. Bunkley appears to argue that the arresting officers did not have probable cause to arrest him because he is named "Jeffrey Bunkley" rather than "Jeffrey Binkley." The arrest warrant, however, clearly states that "[t]he above-named person [i.e., Jeffrey Binkley] is also known as: Jeffrey Michael Bunkley." RJN, Ex. B. Given that the officers had an arrest warrant for either a "Jeffrey Binkley" or "Jeffrey Michael Bunkley," they had probable cause to arrest Bunkley. No constitutional violation occurred.

Bunkley relies on *Lee*, where the Ninth Circuit held that a plaintiff had adequately alleged a constitutional violation where no reasonable police officer could have believed that the arrested individual, Kerry Sanders, was the fugitive Robert Sanders, given Kerry Sanders's "obvious mental incapacity" and "the fact that Kerry Sanders's fingerprints and other identifying characteristics did not match those of Robert Sanders." *Lee*, 250 F.3d at 685. That case is distinguishable because the two individuals did not share the same name or other known names, as is the case here. Moreover, Bunkley does not identify other obvious distinguishing characteristics, such as mental incapacity, fingerprints, or other physical features, that the officers could have used to differentiate him from Binkley.

Instead, ample case law, including Supreme Court precedent, holds that "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). In *Baker,* the Court held that there was no Fourth Amendment or other constitutional violation when someone was arrested pursuant to a valid arrest warrant despite his claim of mistaken identity, detained for three days, and later found to be innocent. *Id.* at 144; *see also Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 391 (9th Cir. 2014) ("Rivera has not presented any evidence that the Counties knew that Rivera was not the true subject of the warrant. Nor do the circumstances of this case suggest that further investigation into Rivera's identity was

1 required.").

Because the County Deputies had probable cause to arrest Bunkley based on a valid arrest warrant, he suffered no constitutional violation and the County Deputies are entitled to qualified immunity from his Section 1983 claim. This claim for relief is DISMISSED as to the County Deputies.

**B. Whether the County of San Mateo is Immune from Bunkley's Section 1983 Claim Pursuant to *Monell***

The County of San Mateo also contends that it is immune from Bunkley's Section 1983 claim. Pursuant to *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* "A local governmental entity's failure to train its employees can also create § 1983 liability where the failure to train 'amounts to deliberate indifference to the rights of persons' with whom those employees are likely to come into contact." *Lee*, 250 F.3d at 681 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989)). Bunkley argues that the County of San Mateo failed to train and supervise the County Deputies, resulting in the deprivation of plaintiff's constitutional rights.

In order to prevail on his Section 1983 claim, Bunkley therefore must sufficiently allege that: "(1) [he was] deprived of [his] constitutional rights by defendant[] and [its] employees acting under color of state law; (2) that the defendant[] ha[s] customs or policies which amount to deliberate indifference to [his] constitutional rights; and (3) that these policies are the moving force behind the constitutional violations." *Lee*, 250 F.3d at 681–82 (internal quotation marks and alterations omitted). Given that Bunkley fails to allege a constitutional violation by the County Deputies, his Section 1983 claim against the County itself necessarily fails as well. His Section 1983 claim against the County of San Mateo is DISMISSED.

### C. Bunkley's Remaining Claims

Defendants move to dismiss plaintiff's state law claims pursuant to California Civil Code Section 43.55,[2] which provides that "[t]here shall be no liability on the part of, and no cause of action shall arise against, any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant." Cal. Civ. Code § 43.55(a). As already discussed, based on the arrest warrant, the County Deputies had a reasonable belief that Bunkley was the person referred to in the warrant. They are entitled to immunity from Bunkley's causes of action for negligence, assault and battery, and negligent infliction of emotional distress. Bunkley agreed in opposition that these causes of action against the County of San Mateo should be dismissed, and they are hereby DISMISSED.

Bunkley's cause of action for negligent training and supervision against the County of San Mateo fails to state a claim because it is based on the conduct of the deputies in executing the search warrant, which was reasonable for the reasons discussed above. He also voluntarily dismisses his Bane Act claim and requests leave to amend, which I GRANT.

### CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED as to all causes of action in the Complaint, which is DISMISSED. Bunkley may amend the Complaint within 20 days of the date below.

**IT IS SO ORDERED.**

Dated: March 9, 2018

William H. Orrick
United States District Judge

---

[2] Defendants also argue that California Penal Code Section 847, known as the "false arrest immunity," also applies, but plaintiff has not brought any claim for false arrest or false imprisonment.

7